**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

**IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID. No. 1312012652 |
| | ) | |
| | ) | |
| FRANK T. CARTER, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: October 20, 2015
Decided: October 27, 2015
(Corrected October 29, 2015)

**COMMISSIONER'S REPORT AND RECOMMENDATION ON DEFENDANT'S COMPETENCY TO STAND TRIAL AND MOTION TO DISMISS**

Kelly Breen, Esquire, Delaware Department of Justice, 820 N. French St. 7th Floor, Wilmington, Delaware, 19801, Attorney for the State.

Beth D. Savitz, Esquire, Office of the Public Defender, 820 N. French St. 3rd Floor, Wilmington, Delaware, 19801, Attorney for Defendant.

**MANNING**, **Commissioner**

This 27th day of October 2015, upon consideration of defendant Frank T. Carter's motion to determine competency and motion to dismiss, it appears that:

(1) Mr. Carter was arrested on December 20, 2013 in the above captioned case. He was indicted on March 17, 2014, for two counts of Robbery 2nd Degree and one count of Felony Theft.

(2) Mr. Carter has been held in default of bail since the date of his arrest and is currently held at the Delaware Psychiatric Center in the Mitchell building.

(3) On July 18, 2015, a Neuropsychological Assessment for Competency report was filed by Mr. Carter's counsel. This report was completed by Abraham Mensch, Ph.D. In this extensive 24 page report, Dr. Mensch detailed Mr. Carter's considerable history of mental illness, including his birth trauma and life-long limited cognitive functioning. Dr. Mensch also administered a battery of neuropsychological tests. Ultimately, Dr. Mensch opined that Mr. Carter was not competent to waive his *Miranda* rights, enter a guilty plea or stand trial. Dr. Mensch also opined that Mr. Carter's deficits "are significant and cognitive in nature, and therefore are very unlikely to improve with competency restoration training." Dr. Mensch's report was filed with the Court as Docket Item #12.

(4) On July 31, 2015, Mr. Carter was evaluated for competency to stand trial by Douglas Schultz, PsyD, with the Delaware Psychiatric Center. Dr. Schultz opined that Mr. Carter was competent to stand trial based upon the results of the CAST*MR—a diagnostic tool to assess competency in defendants with intellectual limitations. Dr. Schultz's report was filed with the Court on August 31, 2015, Docket Item #20.

1

(5) A competency hearing was scheduled before the Superior Court on October 20, 2015. The day prior to the hearing the State submitted an updated report from Dr. Schultz. In this report, Dr. Schultz opined that despite attempts at competency restoration while at DPC, Mr. Carter was "not competent to stand trial at this time."

(6) Additionally, records indicate that Mr. Carter was previously found not competent to stand trial while a juvenile in the Family Court in 2011.

(7) The State, by virtue of Dr. Schult's October 19, 2015 letter, is not contesting Mr. Carter's lack of competency to stand trial. However, the State, during the October 19, 2015 hearing declined to enter a *nolle prosequi* on Mr. Carter's charges despite the fact that the State does not contest Mr. Carter's lack of competency. It is apparent to me that the State does not want to bear the responsibility for dropping Mr. Carter's case— despite the State's inability to restore his competency or ever bring him to trial.

(8) The is no indication from either party that the State has, or ever will, seek to civilly commit Mr. Carter pursuant to the provisions of 16 *Del C*. § 5001-5026.

(9) Finally, pending before the Court is Mr. Carter's Motion to Dismiss his indictment, filed on September 10, 2015. In this motion Mr. Carter argues that his continued confinement, without the prospect of a trial, is a violation of his rights to Due Process, a Speedy Trial and amounts to Cruel and Unusual Punishment.[1]

---

[1] The State did not file a response to Mr. Carter's motion and "took no position" on the matter during the hearing on October 19, 2015.

2

(10)  Based upon my review of the expert reports, the relevant case law cited by Mr. Carter, I cannot disagree.

## CONCLUSION

For all of the foregoing reasons, Defendant's Motion to Dismiss should be GRANTED.

**IT IS SO RECOMMENDED.**

/s/ *Bradley V. Manning*
BRADLEY V. MANNING,
Commissioner

oc:    Prothonotary
cc:    Defendant